IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDSEY HICKEY,
       Plaintiff,

-vs-                                       Civil Action No. 17-1036

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,
       Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since September 1, 2008. (ECF No. 7-6, p. 15). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on November 24, 2015. (ECF No. 7-2, pp. 29-50). On March 25, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 12-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC")</u> [2]

Plaintiff's main argument, essentially, is that the ALJ gave significant weight to the opinion of Dr. Meyer, but did not include all of the limitations set forth by Dr. Meyer in the RFC. *Id.* Dr. Meyer opined, *inter alia,* that Plaintiff would be moderately limited in her ability to interact with the general public and in accepting instructions and responding appropriately to criticism from supervisors. (ECF No. 7-3, p. 13). Additionally, she stated that Plaintiff "appears capable of engaging in brief, structured interactions with others, but seems best suited for work in settings that require minimal social interactions, especially with unfamiliar persons. Claimant would respond best to non-confrontational supervision." *Id.* at pp. 13-14. Plaintiff submits that because the ALJ gave Dr. Meyer's opinion significant weight, she should have also included these limitations in the RFC. (ECF No. 10, pp. 10-12). Therefore, Plaintiff submits that the

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with certain physical and mental exceptions. (ECF No. 7-2, p. 17).

ALJ's RFC is not supported by substantial evidence.  *Id.*

After a review of the record, I agree.  Certainly, the ALJ is not required to accept Dr. Meyer's opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).  To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence.  *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).  "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).  Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence.  *Id.*

Here, the ALJ failed to articulate why she gave significant weight to the opinion of Dr. Meyer, but did not account in the RFC for her opinion that Plaintiff was moderately limited in her ability to interact with the general public and in accepting instructions and responding appropriately to criticism from supervisors.  The failure to provide an explanation prohibits me from conducting a proper and meaningful review.  Therefore, I find the ALJ's decision is not based on substantial evidence and remand is warranted.[3]

---

[3] In opposition, Defendant suggests that Plaintiff's "social problems" are "covered" by the types of occupations the ALJ found Plaintiff could perform.  (ECF No. 12, p. 14).   This is nothing more than a *post hoc* assumption on the part of the Defendant.  The ALJ does not list these limitations in the RFC and did not ask the vocational expert any questions regarding these limitations.  It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943).  As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision;' the Commissioner may not offer a post-hoc rationalization." *Keiderling v. Astrue*, No. Civ. A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20,

Plaintiff raises the additional argument that the ALJ failed to consider or address evidence from Psychiatric Care Systems and the statement from Plaintiff's father. (ECF No. 10, p. 12). On remand, the ALJ should be careful to specifically set forth in the decision all of the evidence she considered.

An appropriate order shall follow.

---

2008) (*quoting Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000)); *See, Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir.2001). As a result, I will not engage in a discussion of the same.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSEY HICKEY,<br><br>        Plaintiff,<br><br>-vs-<br><br>NANCY A. BERRYHILL,[4]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 17-1036 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 14th day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted and Defendant's Motion for Summary Judgment (ECF No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                               Donetta W. Ambrose
                                               United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.